William **YESOWITCH**, KBA Member # 79410, Movant,

v.

**KENTUCKY BAR ASSOCIATION** Respondent

No. 2002–SC–0860–KB.

Supreme Court of Kentucky.

Dec. 19, 2002.

---

10. CR 54.01.

11. *Id.*

### *OPINION AND ORDER*

Movant, William Yesowitch, of Louisville, Kentucky, was admitted to the practice of law in the Commonwealth of Kentucky by order of this Court entered on October 3, 1979. On May 24, 2002, the Inquiry Commission issued a three-count charge (KBA File # 9113) against Movant that alleged violations of the Kentucky Rules of Professional Conduct in connection with Movant's representation of a client in a contemplated wrongful death action. Count I of the charge outlined the relevant factual allegations:

On June 23, 1999, [Movant] entered into an attorney/client relationship with Ruth Rummage. [Movant] agreed to represent Ms. Rummage in the wrongful death action of her husband, James Rummage, against his treating physicians. Both [Movant] and Ms. Rummage signed [a written Contract of Employment] on that date.... The agreement clearly states that [Movant] must notify his client in writing of any withdrawal at her last known address.

Between June, 1999 and October, 1999 [Movant] investigated the circumstances regarding Mr. Rummage's death. Part of the investigation included meeting with Connie Light, a registered nurse, for the purpose of reviewing medical records that [Movant] had secured on behalf of Mr. Rummage. In October, 1999 he received a report from Ms. Light. Ms. Light states in her report ... that the drug Propulsid was not a contributing factor to Mr. Rummage's death by heart attack. However, she does indicate that something could have been done by his doctors to prevent his death.

On October 27, 1999, [Movant] met with Ms. Rummage and her daughter in his office. That was the last time that he spoke with his client regarding the medical malpractice action until January, 2001. In January, 2001, Ms. Rummage called [Movant] asking him about the status of the medical malpractice case. He informed her at that time that he was not representing her in the medical malpractice action. By this time, the statute of limitations had run on the case. Ms. Rummage requested her file at that time and she was provided it in February, 2001.

Count I charged Movant with violating SCR 3.130–1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client") by "fail[ing] to take any action on behalf of his client in filing a medical malpractice action in the wrongful death of her husband, and allowing the statute of limitations to run." Count II charged Movant with violating SCR 3.130–1.4(a) ("A lawyer should keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information") by "fail[ing] to inform Ms. Rummage about the status of her medical malpractice case" between November 1999 and January 2001. Count III charged Movant with violating SCR 3.130–1.16(d) ("Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests . . . .") by "failing to inform [Ms. Rummage] in writing of the termination, as he stated in the 'Contract for Employment'; failing to return to Ms. Rummage the client file and other papers, including medical reports; and failing to advise his client of the statute of limitation and her need to obtain new counsel."

Movant contests the accuracy of the Charges' factual allegations and contends that: (1) he advised Ms. Rummage of the one-year statute of limitations on two separate occasions prior to October 27, 1999; and (2) on that date, he verbally terminated his representation of Ms. Rummage in connection with the medical malpractice/wrongful death matter. Accordingly, Movant denies the allegations contained in Counts I and II of the Charge because he maintains that, until he terminated his representation of Ms. Rummage, he acted with diligence and kept his client informed as to his efforts in her regard. Movant, however, admits that his actions violated SCR 3.130–1.16(d) as alleged in Count III. Movant thus moves this Court to issue a public reprimand and to terminate the disciplinary proceedings against him. The Kentucky Bar Association, through bar counsel, advises the Court that it has no objection to Movant's request.

IT IS THEREFORE ORDERED THAT:

(1) Movant, William Yesowitch, be and hereby is publically reprimanded after having acknowledged that he engaged in unprofessional conduct as charged in Count III, and such discipline shall terminate the KBA File # 9113 disciplinary proceedings against Movant.

(2) In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $16.50, and for which execution may issue from this Court upon finality of this Opinion and Order.

COOPER, GRAVES, JOHNSTONE and WINTERSHEIMER, JJ., concur.

LAMBERT, C.J.; KELLER and STUMBO, JJ., dissent and would deny the motion for a public reprimand because the factual discrepancies between the charge and movant's motion make it impossible to determine the appropriateness of that sanction.

Entered: December 19, 2002.

/s/ Joseph E. Lambert
CHIEF JUSTICE